Staples, J.
delivered the opinion of the court.
A brief statement of the facts of this case is necessary to a proper understanding of the questions to be decided. In the year 1795 George Coryell conveyed -to Leonard Doutcher a lot of ground contiguous to the Town of Alexandria, reserving an annual rent of £3 12 shillings current money of Virginia, with covenants of distress and re-entry for non payment. In the year 1855 John Leonard had become the owner of this lot and "Willis Henderson the owner of the rent. How these parties respectively became so entitled, does not appear; but the fact is conceded. In January of the same year Henderson filed-his declaration in ejectment in the Cir-. *334 cuiff court of Alexandria county to recover the lot in question. The declaration was served upon Thomas Val- ' entine the tenant in possession. He appeared and pleaded; but subsequently, at the May term, 1856, withdrew his plea. Henderson having made affidavit that the rent claimed in the declaration was in arrear, and no sufficient distress on the premises, judgment was rendered in his favor; execution was issued, and he was placed in possession in July 1856. He remained in possession without interruption until the year 1866; when the present action of ejectment was brought against him by Leonard the former owner, to recover back the lot in question. Leonard claims that in 1856 (and the fact is admitted,) upon the trial of the first ejectment, he was an infant, and consequently the verdict and judgment in that case cannot bar his recovery in this, nor affect his right of property. In support of this view, he relies upon the 36th section of chapter 135 of the Code of 1849, which provides that a judgment recovered under that chapter against an infant, a married woman, or insane person, shall be no bar to an action commenced within five years after the removal of such disability. Hoes this section apply to the case? To determine that, we must advert briefly to the common law doctrines upon the subject of rent, and the -modification of those doctrines as effected by our statutes.
At common law, when there is a condition of rentry reserved for rent in arrear, the lessor, upon breach of the condition, may re-enter and re-occupy the demised premises'. Such re-entry, however, was ■ always attended with great particularity and many inconveniences. A formal demand of the exact rent due must have been made—made a convenient time before sunset on the day, and at the place stipulated by the parties; and, if no place was appointed, at the most notorious place on *335 the premises. And this demand must have been actually made, though the possession was vacant, and no one was present to make the payment. These requisites being complied with, if the tenant failed to pay the rent in arrear, the forfeiture was complete: the lessor might re-enter at once, and bring his ejectment to obtain the actual possession. 1 Lomax Digest, Marg. 593; Duppa v. Mayo, 1 Wins. Saund. R. 287.
The courts of common law, however, often stayed the proceedings in the action of ejectment, and relieved the tenant from the forfc iture upon his bringing into court before ’he lessor obtained possession, the rent in arrear, and making compensation to the latter for all the damage he had sustained. Courts of equity, also acting upon the idea that the clause of re-entry was inserted mainly for the landlord’s security, and that it was against conscience to allow him to pervert it to a different purpose, usually granted the tenant the necessary relief, upon his satisfying the rent and.paying all the costs incurred. This right of the tenant was without limitation. It continued as long as he was in a condition to offer the landlord satisfactory indemnity. Taylor, Landlord and Tenants, 495; Bowser v. Colby, 1 Hare’s R. 109; Atkins v. Chilson, 11 Metc. R. 112.
These doctrines of the common law gave. rise to statutes in England, and most of the American States, regulating the rights of landlords and tenants in this class of cases. The provisions contained in chapter 138, Code of 1849, relating to this subjeet, are taken from the-revised statutes of New York, which are transcripts of the“English statutes. The 16th section of that chapter provides, that any person having a right of re-entry, by reason of any rent being in arrear, may serve a declaration in ejectment on the tenant in possession,; or if ■the possession be vacant, by affixing the declaration at *336 any notorious place on the premises, which service shall be in lieu of a demand and re-entry; and upon proof that the rent claimed was due, and no sufficient distress on the premises, and also that the plaintiff had power thereupon to re-enter, he shall recover judgment and have execution for said land. The 17th section provides, “should the defendant, or other person for him, not pay the rent in arrear, with interest and costs, nor file a hill in equity for relief against such forfeiture, within twelve calendar months after, execution executed, he shall be barred of all right-in law or equity to be restored to such lands or tenements.”
It will be perceived that these sections make a material change of the common law rules, and the practice of the courts. They substitute the service of a declaration in ejectment on the tenant in possession, for a formal demand of the rent and a re-entry; and thus relieve the landlord of many embarrassments attending the exercise of that right. They deprive the- tenant of all claim to relief in courts of law or equity, unless his application is made within twelve months after execution executed. They are applicable, not only to rents arising upon leases for life or years, but to conveyances in fee, with clauses of distress and re-entry. Van Rensselaer v. Ball, 19 New York, 100.
- In Hutchings v. Lewis, 1 Burr. E. 614, Lord Mansfield said: “ The true end and professed intention of the act of Parliament was to take off from the landlord the inconvenience of his continuing always liable to an uncertainty of possession,” “ from its remaining in the power of .the tenant to offer him-a compensation at any time, in order to found an application for relief in equity, and to limit and confine the tenant to six calendar months after execution executed for his doing this; or else that the landlord should from thenceforth hold the *337 demised premises discharged from the -lease.” It is fair to presume that the Legislature had the same 'object in view in incorporating into our Code the provisions herein before cited. If, however, the construction sought to be given to the 36th section of chap. 135 be correct; if the saving in that section, in favor of infants and others, applies to ejectments brought under chapter 138, it is apparent that the landlord is thereby placed in a worse condition than at common law. Although the rent may have been long in arrear, and no' distress on the premises, the tenant of an infant (under this construction) may, after the lapse of more than twenty years, bring his ejectment, and be restored to the land, without compensating the landlord for his damage or losses sustained, or even paying the rent in arrear. In the ease of married women and persons insane, who are also embraced by that section, such recovery might be had without any terms imposed, even after the lapse of fifty years. This goes far beyond the practice of courts of law or equity in any cáse. These courts, as has been seen, only interposed in behalf of the tenant, upon the terms of his satisfying the rent due and any damages sustained by his omission. The error of this construction is the more palpable when it is considered that the landlord, instead of his ejectment, may, under our statutes, still resort to his remedy by actual re-entry. A certificate of the facts is required, to be returned to the proper clerk’s office, and publication made in a newspaper. After this is done, if the tenant, or some one for him, does not pay the rent and costs within twelve calendar months, he is forever barred of all claim to the land in law or equity. In the event the landlord-adopts this remedy, as he certainly may,, where the possession is vacant, what becomes of the rights of the infant? "Where is the exception in his favor? It is certainly not to be *338 found in the 36th section already cited. That section only applies to judgments recovered against infants, married women, and persons non compos mentis. There is no saving in their favor in any of the statutes, in case of mere entry by the landlord. And we are brought to the conclusion that the judgment of a competent court is of no effect against the infant, while the mere private act of the landlord is conclusive of his rights.
The S6th section, so much relied on by the plaintiff in error, is taken from the provisions found in the Revised Code of 1819, upon the subject of Writs of Right. That section, as it now stands in chap. 135, Code of 1849, ■applies only to judgments in ejectment brought under that chapter as a substitute for the Writ of Right and the former action of ejectment. The various provisions of chapter 138 in respect “to re-entry,” contained all the statutory law on that subject. They were intended to embrace fully the rights and1 remedies of landlords and tenants. As they impose limitations without any saving or exception, the presumption is, that none was intended. And this upon the principle that when the matter is regulated by statute, the limitation will run even against infants, except where they are specially exempted from its operation. General words of a statute must receive a general construction; and unless there can he found in the statute itself some ground for restrainingit, it cannot be restrained by arbitrary addition or retrenchment. It was declared by Sir Eardley Wilmot, in the House of Lords, that infants, like other persons, would be barred by an act for limiting suits at law, if there was no saving clause in their favor. The same doctrine is recognized by the American authorities. Angelí on Limitation, see. 194; Taylor on Infancy & Coverture, p. 160-162, §§ 109-113.
*339 It may be conceded, however, that the judgment in the first ejectment is not an absolute bar to aD action by •the infant within the prescribed period. Still, it does ,not necessarily follow that the plaintiff is entitled to re^ cover in this case. If the rent was' in arrear, and "no sufficient distress on the premises, the grantor, or those claiming under, had the right to re-enter and re-occupy the premises by the express provisions of the deed. This right could not be affected, or in any manner restricted, because in the course of events an infant acquired title to the property. If a feoffment be made, reserving rent with a condition of re-entry in default of payment, if the person entitled under the feoffment be an infant and fail to pay, his laches will bar him. Coke Lift. 246 b. And so the grantee of an estate, subject to a condition, is bound to perform it, though an infant or feme covert. 4 Kent Com. 125; Griffin v. Griffin, 1 Sch. & Lef. R. 362. It is clear, then, that infancy alone will not prevent a forfeiture of the estate. And if in such case the landlord re-enter and re-occupy the premises, or obtain possession under ejectment, all his proceedings being regular, that possession will avail him as effectually as though an adult were the claimant. The only question, then, is as to the regularity of the proceedings- in the first ejectment.
It is objected, first, that the-declaration was not served upon the real owner, but upon a, person having no connection or privity with him; and that no guardian ad' litem was appointed for the infant. It is sufficient to say, the statute provides that the declaration may be served upon the tenant in possession. Ko other mode of service is prescribed where the premises are occupied, and none other would be regular. Ko notice is required to be given to the owner. The plaintiff is not authorized to bring him before the court, and as a necessary eonse *340 quenee, can have no guardian ad litem appointed for him, though an infant.
It is also objected, there was no sufficient proof of any rent in arrear. The statute provides that in case of judgment by default, the plaintiff may prove by his own affidavit that the rent claimed was due, and no sufficient distress upon the premises. This judgment is substantially a judgment by default; the defendant having withdrawn his plea. The affidavit of the plaintiff states that the rent was in arrear for seven years, the amount due; and that at no time since.it was in arrear could any sufficient distress, to make any part of the rent, be found on the premises. In Jackson v. Wilson, 3 John Cas. 295, the court said: It would presume the first judgment regular, and that every thing necessary to entitle the landlord to recover, had been performed. It would consider the necessary affidavit as having been filed; or if otherwise, that all the requisites attending an actual entry at common law were ■ previously complied with. In the present case it is not necessary to rely upon any such presumption, as the proceedings in the first ejectment appear to have been in strict compliance with the statute. The defendant’s instruction does not assume that the judgment in-that case is conclusive. It asks the court to tell the jury, if they believed the defendant had a right of re-entry into the premises, by reason of any rent being in arrear, that the defendant recovered a judgment for said premises, and had execution therefor, and that the plaintiff, or other person for him, clid not pay the rent in arrear, nor file a bill in equity for relief within twelve months, the plaintiff is barred of all right in law or equity to b.e restored to the premises; and could not recover. The instruction substantially follows the language of the statute. There is no valid reason, as the record is., now presented, why it should *341 not have he'en given, unless the infancy of the plaintiff;' protected him. This, I have already attempted to show, does not relieve the tenant or grantee of the obligation to pay the rent according to the contract; nor does it impair the force and effect of a judgment in ejectment fairly recovered by reason of its non-payment. I am, therefore, of opinion, the judgment of the District court was right, and must be affirmed.
Judgment of the District court affirmed.